I must respectfully dissent from the decision reached by the majority.
I cannot affirmatively state, as did the majority, that appellant was the only person in the apartment from the time the McGuires telephoned the sheriff's department to the time at which deputies arrived and searched the apartment for other individuals. The McGuires both indicated that there was a period of time during which neither of them were able to view the entrance to the building in question. Thus, another individual could have entered or exited the building undetected.
Additionally, the testimony offered by the McGuires as to the statements they allegedly heard from the apartment in which appellant was located, clearly and improperly created the inference in the minds of the jury that appellant was the individual who made such statements referencing displeasure with a drug purchase. Such testimony was highly prejudicial to appellant, particularly in light of the fact that the McGuires stated that they were unable to identify the voice which they heard coming from the apartment. If the McGuires heard loud statements coming from the apartment in question, wouldn't it be reasonable to assume that it takes two or more individuals to have a discussion and therefore, would not the presumption be that someone else was in the apartment?
Adding further inference upon inference, it is clear that there was no evidence offered to indicate that appellant had sole dominion and control over the subject cocaine. Appellant was not even in close proximity to the cocaine until police officials placed him on the couch near the area where they found the cocaine. Prior to such time, it cannot be said, beyond a reasonable doubt, that appellant had constructive possession of the cocaine in question or that he was conclusively the only individual in the apartment. Circumstantial evidence may be sufficient for a conviction and one reasonable inference may constitute a building block for circumstantial evidence, however, not an inference upon an inference as in this case.
Given the facts, I would reverse the jury verdict and the judgment rendered upon such verdict as the trial court's ruling upon appellant's motion in limine constituted plain error. In light of the inference upon inference and absent such error, the result of the trial would clearly have been different. Smith,supra.